UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWIN TROY HAWKINS,<br><br>                Plaintiffs,<br><br>   v.<br><br>DOUGLAS COUNTY, a municipal corporation; CHELAN COUNTY, a municipal corporation; and JOHN DOE OFFICERS 1-10,<br><br>              Defendants. | NO:  2:15-CV-0283-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

BEFORE THE COURT is Douglas County's 12(b) Motion to Dismiss (ECF No. 11) and Defendant Chelan County's Motion to Dismiss (ECF No. 13). This matter was heard on January 28, 2016, in Spokane, Washington. Heather C. Yakely appeared on behalf of the Douglas County. Kirk A. Ehlis appeared on behalf of the Chelan County. Scott Andrew Volyn appeared on behalf of Plaintiff Edwin Hawkins. The Court has reviewed the briefing, files, and record therein; heard from counsel; and is fully informed.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 1

**BACKGROUND**

On September 16, 2015, Hawkins filed his Complaint in Grant County Superior Court, alleging state law claims against Douglas and Chelan Counties for false arrest, illegal search and seizure, conversion, defamation, and malicious prosecution. Hawkins also asserts violation of unspecified constitutional rights under 42 U.S.C. § 1983, which this Court construes as claims for unlawful arrest, unlawful search and seizure, and malicious prosecution. ECF No. 1-1 at 4-17. Defendants subsequently removed the action to this Court. ECF No. 1

In the instant motion, Defendants move to dismiss Hawkins' Complaint, primarily asserting that all claims therein are barred by the applicable statute of limitations. ECF Nos. 11, 13. Douglas County also moves to dismiss the claims of malicious prosecution on the ground of prosecutorial immunity. ECF No. 11 at 8-11.

**FACTS[1]**

This action concerns the events leading up to and concerning Hawkins' underlying criminal conviction in state court. In short, Hawkins was charged with and convicted of first degree attempted possession of stolen property and first

---

[1] The following facts are drawn from the Complaint and accepted as true for the instant motion.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 2

degree possession of stolen property, but the charges were ultimately dismissed in December 2014 after Hawkins had successfully appealed and obtained a right to a new trial.

Hawkins is an orchardist in Eastern Washington. In early 2006, equipment from another orchard, Twin W, was reported missing. In late summer or early fall of 2006, the Douglas County Sheriff's Office received a tip that the missing equipment was located on Sandcastle Orchard, property leased by Plaintiff. An officer from the Douglas County Sheriff's Office visited Sandcastle Orchard, purporting to have a search warrant for the missing equipment. In October 2006, an officer from the Chelan County Sheriff's Office also visited Hawkins' property; although he did not have a warrant, Hawkins gave him permission to inspect the farm equipment.[2]

Later that year, a tractor went missing from one of Hawkins' orchards. Hawkins subsequently learned that the Chelan County Sheriff's Office took the tractor because it had been reported stolen. Chelan County allegedly turned the

---

[2] Hawkins' Complaint also alleges that a plainclothes Douglas County Sheriff's Office deputy searched Hawkins' property without a warrant in September 2007, which search Hawkins was present for.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 3

tractor over to Douglas County. To date, Hawkins has not been given an opportunity to prove ownership of the tractor.

In the spring of 2007, Hawkins brought one of his tractors to East Wenatchee for repair. The mechanics noticed that the serial number had been ground off and the identification plate was missing. The mechanics determined that this tractor was one of the pieces of equipment previously reported missing and advised the police.

Over a three day period in June 2007, Hawkins was arrested twice by the Douglas County Sheriff's Office, both times for possession of this tractor.

Hawkins was first arrested for possession of stolen property when he went to pick up the tractor from the mechanics. The arresting officer did not explain why he was arresting Hawkins, but the bail receipt stated Hawkins was arrested for possession of stolen property.

After he was released on bail, Hawkins returned to the mechanic to pick up the tractor. While driving home with the tractor, Hawkins was pulled over by a Chelan County Sheriff's deputy who had been in communication with the Douglas County Sheriff's Office. There was confusion over whether this tractor was the missing tractor. Ultimately, deputies from both Douglas and Chelan County took pictures of the tractor and then helped Hawkins lock the tractor in his shed.

Two days later, on June 11, 2007, several Douglas and Chelan County deputies arrived at Hawkins' home and arrested him for possession of stolen property. Douglas County took the tractor, the alleged stolen property. A bin trailer, claimed stolen, was also "taken away;" although, it is unclear by whom. To date, neither have been returned.

Hawkins was ultimately charged with four counts related to the stolen farm equipment and convicted on two. Hawkins appealed the conviction, and while the appeal was pending, successfully moved the trial court for a new trial based on newly discovered evidence. The state appealed the trial court's grant of a new trial, and the Washington State Supreme Court ultimately ruled in Hawkins' favor.

On December 19, 2014, the Douglas County Superior Court entered a stipulated order of dismissal with prejudice as to the charges against Hawkins.

On September 16, 2015, Hawkins initiated the present action.

## DISCUSSION

### A. Standard of Review

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a plaintiff must allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "In conducting this review, we accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *AE ex rel Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

"A district court may dismiss a claim if the running of the statute is apparent on the face of the complaint." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (internal quotation marks and brackets omitted). "However, a district court may do so only if the assertions of the complaint read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*

**B. Doe Defendants**

In accordance with Federal Rule of Civil Procedure 10(a), a plaintiff must name all intended defendants in the caption of the complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The use of "Doe" Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  For a plaintiff to properly name "John Doe" Defendants, he must provide all of the information he would normally provide if the name of the defendant is known. The plaintiff should identify "John Does" by their function, their actions, and the dates these actions occurred; and most importantly, provide a short and

plain statement of the law or legal theory and facts supporting each claim against each defendant which would entitle the plaintiff to relief.

Here, Hawkins has named "John Doe Officers 1-10" in the caption of his Complaint. ECF No. 1-1 at 5. Beyond asserting that they are law enforcement officers of either Chelan County or Douglas County, Hawkins has failed to identify their actions, the dates these actions occurred, and which claims are alleged against them. ECF No. 1-1 at 5. The Court will dismiss these defendants if Hawkins is unable to properly identify these defendants in an amended pleading.

## C. Statute of Limitations

Defendants contend all of Hawkins' claims, which arose from events that occurred in 2006 and 2007, are barred by the two- or three-year statute of limitations on each claim. In response, Hawkins generally asserts that his claims could not have been brought prior to the successful conclusion of the underlying criminal prosecution.

### 1.  Section 1983 Claims

Construing the Complaint liberally in favor of Hawkins, this Court discerns three causes of action under section 1983: (1) unlawful arrest, (2) illegal search and seizure, and (3) malicious prosecution.

The parties agree that the statute of limitations for a section 1983 action in Washington is three years: the statute of limitations for section 1983 claims is the

length of time provided by state law for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under Washington law, this period is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (citing RCW 4.16.080(2)).

The issue before the Court is when the statute of limitations began to run on each claim. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388. Rather, "[a]spects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles." *Id.* "Under those principles, it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* (internal quotation marks, brackets, and citations omitted). To determine the proper date of accrual for a specific claim, the court should look to the "cause of action [that] provides the closest analogy to" the claim asserted to determine if any distinctive accrual rules apply. *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)); *Bradford v. Scherschligt*, 803 F.3d 382, 388 (9th Cir. 2015).

One wrinkle may arise in the accrual analysis when the tort action raises claims that relate to a previous conviction. In *Heck v. Humphrey*, 512 U.S. 477 (1994), a state prisoner filed suit under § 1983 raising claims which, if true, would

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 8

have established the invalidity of his outstanding conviction. The Supreme Court

held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87.

By logical extension, the statute of limitations on such a claim does not begin to run until the sentence or conviction has been reversed, expunged, or otherwise declared invalid. That is, the *Heck* rule "delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." *Wallace*, 549 U.S. at 392 (emphasis omitted). "This requires an inquiry into what a plaintiff would need to prove in order to succeed on his theory of the case, not an inquiry into whether a plaintiff would be able to succeed on the merits." *Rosales-Martinez v. Palmer*, 753 F.3d 890, 896 (9th Cir. 2014).

That being said, *Heck* is inapplicable to a section 1983 claim that accrues *before* any conviction is in place. *Wallace*, 549 U.S. 392-93. In *Wallace*, the

Supreme Court held that the pendency of criminal charges does not toll a claim for damages arising from a *potential* conviction (followed by a *potential* reversal) on those charges. *Id.* at 393. And a subsequent conviction does not "un-accrue the claim, even if the arguments advanced to show a violation . . . also imply the invalidity of the conviction." *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) (citing *Wallace*, 549 U.S. at 392-93). In such a case, where a civil action may affect the validity of a criminal conviction but the *Heck* rule does not apply, it is within the power of the district court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 394.

Keeping these general principles in mind, the Court will address each section 1983 claim in turn.

### a. Unlawful Arrest

To the extent Hawkins is alleging a cognizable section 1983 claim for unlawful arrest, it is barred by the statute of limitations.

In *Wallace*, the Supreme Court expressly addressed the issue of accrual and the application of the *Heck* rule to a section 1983 claim for unlawful arrest.

First, the *Wallace* Court held that the common law tort of false imprisonment is the closet analogy to a section 1983 unlawful arrest claim.[3] *Wallace*, 439 U.S. at 388-89 ("The sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*.").

Second, the Supreme Court, rejecting the petitioner's argument that the date of his release was the relevant date, held that the limitations period began to run when the detention without legal process had concluded. *Id.* (noting that the running of the statute of limitations on false imprisonment is subject to a distinctive rule, likely to reflect the reality that a victim may not be able to sue while still imprisoned). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389. "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Id.* at 390. The Court concluded that the

---

[3] The *Wallace* Court, noting that false arrest and false imprisonment overlap, referred to the two torts together as false imprisonment. 549 U.S. at 388-39.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 11

1  statute of limitations on the petitioner's claim began to run when he appeared

2  before the examining magistrate and was bound over for trial. *Id.* at 391.

3  Finally, the Court held that the *Heck* rule had no application to the

4  petitioner's section 1983 claim for unlawful arrest because, on the date the

5  petitioner appeared before the magistrate and the statute of limitations on the

6  petitioner's claim began to run, "there was in existence no criminal conviction that

7  the cause of action would impugn." *Id.* at 393. Rather, at the time the petitioner

8  appeared before the magistrate, there was only the *possibility* of a future

9  conviction. *Id.* Accordingly, the *Heck* rule did not apply.

10  Following *Wallace*, this Court finds Hawkins' section 1983 claim for

11  unlawful arrest is barred by the three-year statute of limitations. First, the tort of

12  false imprisonment provides the closest analogy to Hawkins' asserted claim, like

13  the petitioner in *Wallace*, that he was arrested without legal process, *i.e.*, without

14  probable cause. Second, the statute of limitations began to run on each false arrest

15  count when Hawkins was bound over by a magistrate and presumably released on

16  bail; that is, when he was held pursuant to legal process. Although the precise dates

17  this occurred after each arrest is unclear on the face of the Complaint, Hawkins'

18  release dates presumably occurred in early June: shortly after his first arrest, and

19  then again at some time after his second arrest on June 11, 2007, and before

20  September 13, 2007, when Hawkins alleged an interaction—out of jail—with a

1   plainclothes Douglas County Sheriff's deputy on his property. *See* ECF No. 1-1 at

2   11-12; *see id.* at 10 (stating that he had been released on bail after his first arrest).

3   Finally, like in *Wallace*, the *Heck* rule has no application to Hawkins' unlawful

4   arrest claim as there was no criminal conviction in existence on the date the statute

5   of limitations began to run. Accordingly, because it has been well over three years

6   since Hawkins' unlawful arrest claim accrued, this claim is barred by the statute of

7   limitations.

8                              **b.  Unlawful Search and Seizure**

9           To the extent Hawkins is alleging a cognizable section 1983 claim for

10  unlawful search and seizure, it is similarly barred by the statute of limitations.

11          The Ninth Circuit, following *Wallace*, has held that a claim for unlawful

12  search and seizure follows the standard rule of accrual; that is, it accrues when the

13  wrongful act occurs. *Belanus v. Clark*, 796 F.3d 1021, 1026 (9th Cir. 2015)

14  (holding that the plaintiff's cause of action accrued when the police conducted the

15  searches and plaintiff knew of the searches); *see also Dominguez v. Hendley*, 545

16  F.3d 585, 589 (7th Cir. 2008) ("Fourth Amendment claims for false arrest or

17  unlawful searches accrue at the time of (or termination of) the violation."); *see also*

18  *Johnson v. Johnson Cnty. Comm'n Bd.* , 925 F.2d 1299, 1301 (10th Cir. 1991)

19  ("Claims arising out of police actions toward a criminal suspect, such as . . . search

20  and seizure, are presumed to have accrued when the actions actually occur.").

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 13

1    This Court finds Hawkins' section 1983 claims for unlawful search and

2    seizure is barred by the three-year statute of limitations. First, Hawkins' unlawful

3    search claim follows the standard accrual rule; that is, that it accrued at the time the

4    wrongful search or searches occurred and Hawkins knew of the searches. Second,

5    the statute of limitations began to run, at the latest, in the fall of 2007. All of the

6    allegations in the Complaint that could possibly relate to this claim occurred in

7    2006 or 2007, some before Hawkins' arrest and some after Hawkins was released

8    on bail. And as to each possible unlawful search, Hawkins alleged that he was

9    present when the challenged action took place and thus knew of the searches at the

10    time they occurred. Finally, whether Hawkins is challenging the 2006 or 2007

11    searches, or both, they occurred well before Hawkins was ever convicted of any

12    crime and thus the *Heck* rule has no application. Accordingly, because it has been

13    well over three years since Hawkins' unlawful search and seizure claim accrued,

14    this claim is barred by the statute of limitations.

15    ### c.  Malicious Prosecution

16    To the extent Hawkins' is alleging a cognizable section 1983 claim for

17    malicious prosecution, this claim, unlike the two previous claims discussed, is not

18    barred by the statute of limitations. This cause of action appears to be alleged

19    against Douglas County only.

20

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 14

1    Looking to the obviously analogous common law claim of malicious

2  prosecution, a section 1983 claim for malicious prosecution does not accrue until

3  proceedings against the plaintiff have terminated in such a manner that they cannot

4  be revived. *Bradford*, 803 F.3d at 388. As the Ninth Circuit has recently clarified, a

5  claim under this standard will accrue when the charges are "fully and finally

6  resolved" such that they can no longer be brought against the plaintiff. *Id.* at 388-

7  89.

8    Here, Hawkins' section 1983 malicious prosecution claim is not barred by

9  the statute of limitations. After Hawkins was convicted, he successfully moved for

10  a new trial. The government appealed the district court's grant of a new trial and

11  ultimately Hawkins prevailed before the Washington Supreme Court. Rather than

12  proceed to a new trial, the Douglas County Superior Court, on December 19, 2014,

13  entered a stipulated order of dismissal with prejudice of the charges against

14  Hawkins and vacated judgment. ECF No. 1-1 at 13. Thus, because this dismissal

15  and vacation marked the date on which Hawkins could no longer be prosecuted for

16  the underlying conduct, *see Bradford*, 803 F.3d at 388-89, Hawkins' malicious

17  prosecution claim accrued on this date. Accordingly, as Hawkins filed his

18  Complaint well within three years of this date, this claim is not barred.

19  ///

20  ///

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 15

1       **2.  State Law Claims**

2           Hawkins asserts several state law claims against Defendants: (1) false

3   imprisonment/arrest, (2) conversion, (3) defamation, (4) negligent supervision, and

4   (5) malicious prosecution.[4]

5           The parties agree that all Hawkins' state law claims have statute of

6   limitations between two and three years: False imprisonment and defamation each

7   have a two-year statute of limitations. RCW 4.16.100(1). Malicious prosecution,

8   negligent supervision, and conversion each have a three-year statute of limitation.

9   RCW 4.16.080(2).

10

11

12   _____

[4] Hawkins also appears to assert an illegal search and seizure claim under state law.

13   To the extent he is asserting this claim under the Washington State Constitution, he

14   does not have a cognizable claim. As to the recovery of monetary damages for

15   alleged violations of the Washington Constitution, he has failed to cite to any

16   legislative authority providing for such actions. *Reid v. Pierce Cnty.*, 136 Wash.2d

17   195 (1998). As to the recovery of injunctive relief for alleged violations of the

18   Washington Constitution, he has failed to demonstrate the right to such equitable

19   relief as he only claims past injuries. *See Tyler Pipe Indus., Inc. v. State Dep't of*

20   *Revenue*, 96 Wash.2d 785, 792 (1982).

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 16

1    The relevant inquiry is when the statute of limitations on each claim began

2  to run under state law. In general, "a cause of action accrues when the party has the

3  right to apply to a court for relief." *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 158

4  Wash.2d 566, 575 (2006) (as amended). "That is, the statute of limitations does not

5  begin to run until every element of an action is susceptible of proof, including the

6  occurrence of actual loss or damage." *Woods View II, LLC v. Kitsap Cnty.*, 188

7  Wash.App. 1, 20 (2015). And, unless the discovery-of-injury rule applies—"under

8  which the cause of action accrues when the plaintiff discovers, or in the reasonable

9  exercise of diligence should discover, the elements of the cause of action, *1000 Va.*

10  *Ltd. P'ship*, 158 Wash.2d at 575-76—the statute of limitations in a tort action

11  accrues at the time the injury-producing act or omission occurs. *Matter of Estates*

12  *of Hibbard*, 118 Wash.2d 737 (1992).[5]

13

14

15  [5] Contrary to Hawkins' arguments, his conviction did not affect accrual of his

16  claims. *Gausvik v. Abbey*, 126 Wash.App. 868, 881 (2005) (rejecting plaintiff's

17  argument that his claim did not accrue until his conviction was invalidated); *Childs*

18  *v. King Cnty.*, 116 Wash.App. 1067 (2003) (unpublished) ("*Heck* involved

19  interpretation of a federal statute; it does not apply to causes of action under state

20  law.").

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 17

This Court will discuss each state law claim in turn, addressing the necessary elements of each to determine when the claim accrued.

### 1. False Arrest/Imprisonment

"A false arrest occurs when a person with actual or pretended legal authority to arrest unlawfully restrains or imprisons another person." *Bender v. City of Seattle*, 99 Wash.2d 582, 591 (1983). "The gist of an action for false arrest or false imprisonment is the unlawful violation of a person's right of personal liberty or the restraint of that person without legal authority." *Id.*[6]

Hawkins provides no argument as to when this claim accrued.

Here, Hawkins' false arrest/imprisonment claim accrued in June or September of 2007. This claim appears to rest on Hawkins' two arrests that occurred in a three-day span in June 2007. Not unlike his section 1983 claim for unlawful arrest, the statute of limitations accrued when Hawkins was released on bail after each arrest because, at that point, Hawkins was no longer being unlawfully held and every element of his claim was known and susceptible to proof. Although the precise dates are unclear on the face of the Complaint, Hawkins was first released in early June 2007 and then again at some point

---

[6] Accrual aside, the three-year limitations period is tolled pending imprisonment on a criminal charge prior to sentencing. RCW 4.16.190 (1).

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 18

between June 2007 and September 2007. Thus, any unlawful restraint or imprisonment ended around this time. Because Hawkins filed his Complaint about eight years after the statute of limitations began to run on this claim, this claim is barred.

### 2. Defamation

 "The elements a plaintiff must establish in a defamation case are falsity, an unprivileged communication, fault, and damages." *Mohr v. Grant*, 153 Wash.2d 812, 822 (2005). The discovery rule aside, such a claim generally accrues at the time the tortious act or omission occurs. *Milligan v. Thompson*, 90 Wash.App. 586, 592 (1998).

Hawkins asserts that his defamation claim did not accrue until dismissal of the underlying criminal matter because, had he been convicted of possessing stolen property, "the conviction would provide a solid defense against defamation." ECF No. 15 at 18.

Here, Hawkins' defamation claim accrued in September 2007 because, at that point, every element of his claim was susceptible to proof. Hawkins' defamation claim appears to rest on the allegation that, in September 2007, Douglas County deputies falsely told some of Hawkins' employees that Hawkins had stolen orchard equipment. *See* ECF No. 1-1 at 11. Neither Hawkins' briefing nor his Complaint allege when Hawkins learned of the alleged false

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 19

communications; thus, this Court presumes Hawkins learned of the acts giving rise

to this claim in September 2007. While Hawkins' subsequent conviction might

have provided a strong defense against the falsity element of the defamation claim,

Hawkins cites to no authority to show that this fact impacts the accrual of his

claim. Rather, if Hawkins had filed his defamation claim while his criminal

conviction was still pending, it would have been within the power of the trial court

to stay the civil action until the criminal case had ended. Accordingly, because

Hawkins filed his Complaint about eight years after the alleged acts giving rise to

the defamation claim occurred, this claim is barred.

### 3.  Negligent Supervision

"The theory of negligent supervision creates a limited duty to control an

employee for the protection of third parties, even where the employee is acting

outside the scope of employment." *Garrison v. Sagepoint Fin., Inc.*, 185

Wash.App. 461, 484-85 (2015). To establish a claim for negligent supervision, a

plaintiff must show (1) the employee acted outside the scope of his employment,

(2) presented a risk of harm; (3) the employer knew, or should have known, in the

exercise of reasonable care, that the employee posed a risk to others; and (4) the

employer's failure to supervise was a proximate cause of the loss. *Id*.

Hawkins asserts that his negligent supervision claim did not ripen until

successful conclusion of the underlying criminal matter. ECF No. 15 at 19.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 20

1    Accrual aside, this Court finds Hawkins has failed to state a claim for

2  negligent supervision. It is unclear what series of events within the Complaint the

3  negligent supervision claim relates to. The Complaint merely asserts that

4  "Defendants failed to exercise ordinary care in supervision of employees." ECF

5  No. 1-1 at 15. However, the Complaint fails to state any facts to demonstrate that

6  the deputies presented a risk of harm and their employers knew or should have

7  known of this risk. Accordingly, this Court dismisses this claim without prejudice

8  for failure to state a claim.

9        **4. Conversion**

10    "[C]onversion is the unjustified, willful interference with a chattel which

11  deprives a person entitled to the property of possession." *Potter v. Wash. State*

12  *Patrol*, 165 Wash.2d 67, 78 (2008). Unless the discovery rule applies, the

13  limitations period beings to run when the plaintiff suffers some form of injury or

14  damage. *Crisman v. Crisman*, 85 Wash.App. 15, 20 (1997) (as amended).

15    Hawkins asserts that "[i]t was not until the successful completion of the

16  criminal matter by dismissal that the ability to bring a claim for conversion arose—

17  for prior to that time the equipment was evidence in an ongoing prosecution,

18  however malicious it may have been." ECF No. 15 at 19.

19    Here, the statute of limitations began to run on Hawkins' conversion claim,

20  at the latest, in June 2007. It is unclear what event or events give rise to Hawkins'

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 21

conversion claim—the Complaint alleges that one of Hawkins' tractors was taken by the Chelan County Sheriff's Office and turned over to the Douglas County Sheriff's Office in October 2006 and that another tractor and bin trailer were taken in June 2007. ECF No. 1-1 at 8, 10. To the extent Hawkins is asserting that both events constituted conversion, the statute of limitations began to run at the time each piece of property was allegedly unjustly taken, depriving Hawkins of possession. Although Hawkins asserts that his claim did not accrue until after dismissal of the criminal conviction, this subsequent event did not impact the fact that Hawkins knew of the facts supporting his claim and could have filed for relief in court before dismissal of his conviction. As with his defamation claim, it would have been within the power of the trial court to stay the civil action until the criminal case had ended. Accordingly, this claim is time-barred.

### 5.  Malicious Prosecution

To maintain an action for malicious prosecution, a plaintiff must prove

(1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution.

*Clark v. Baines*, 150 Wash.2d 905, 911 (2004). "Malice and want of probable cause constitute the gist of a malicious prosecution action." *Rodriguez v. City of Moses Lake*, 158 Wash.App. 724, 729 (2010).

Here, Hawkins' malicious prosecution claim is not barred by the statute of limitations. This claim did not accrue until the underlying criminal conviction against Hawkins was terminated on the merits or abandoned, a necessary element of a claim for malicious prosecution. As alleged, the trial court dismissed the charges with prejudice on December 19, 2014. Accordingly, because Hawkins filed his Complaint within two years of this date, this claim is not barred.

### D. Equitable Tolling

In Washington, courts may apply the doctrine of equitable tolling to allow a claim to proceed "when justice requires." *Trotzer v. Vig*, 149 Wash.App. 594, 606-07 (2009). However, courts should apply this doctrine "only sparingly." *Id.* "The one who asserts the doctrine of equitable tolling has the burden of proving each of the predicates for application of the doctrine." *Id.* at 607. "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* (quoting *Millay v. Cam*, 135 Wash.2d 193, 206 (1998)).

Hawkins asserts that equitable tolling should apply to his claims otherwise barred by the statute of limitations. To demonstrate bad faith, Hawkins generally

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 23

1    cites to the allegations in his Complaint. To demonstrate diligence, Hawkins

2    asserts that he exercised diligence "in seeking to gain a dismissal or acquittal

3    rapidly, appealing successfully adverse trial court rulings and ultimately seeking

4    review before the State Supreme Court." ECF No. 15 at 20.

5         Construing Hawkins' Complaint with the required liberality, this Court finds

6    Hawkins has failed to demonstrate that equitable tolling should apply. Although

7    Hawkins appears to have diligently sought dismissal of his criminal conviction, he

8    has failed to demonstrate that he diligently pursued the *civil* claims at issue here.

9    Although Hawkins now asserts that he could not have pursued his civil claims

10   before his conviction was dismissed, he has failed to provide any support for why

11   he could not have filed suit within the relevant time period. Moreover, Hawkins'

12   Complaint fails to demonstrate, beyond conclusory allegations, bad faith on the

13   part of Defendants. Accordingly, Hawkins has failed to meet his burden to show

14   that equitable tolling applies.

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 24

**E. Prosecutorial Immunity**

Douglas County Defendants move to dismiss Hawkins' malicious prosecution claims on the basis of prosecutorial immunity.[7] ECF No. 11 at 8-11. Hawkins does not address this argument in his response briefing. *See* ECF No. 15.

Under federal and state law, prosecutors "performing their official prosecutorial functions" are entitled to absolute immunity against state and constitutional torts. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012); *Musso-Escude v. Edwards*, 101 Wash.App. 560, 567 (2000) (noting that "[a]nalysis of a prosecutor's absolutely immunity from suit under state law claims tracks common law immunity analysis under 42 U.S.C. § 1983"). "Immunity attaches to 'the nature of the function performed, not the identity of the actor who

---

[7] Douglas County Defendants raise the issue of *Monell* liability under § 1983 in their reply briefing, asserting that Hawkins has failed to allege sufficient facts to support a claim against Douglas County, rather than its individual officers. ECF No. 18 at 5-7. The Court declines to rule on this issue, as Hawkins did not have opportunity to respond. Hawkins is advised, however, to consider this issue in any amended complaint. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 25

1  performed it." *Lacey*, 693 F.3d at 912.  The party asserting immunity "bears the

2  burden of showing that  . . . immunity is justified for the function in question." *Id.*

3      "A prosecutor is entitled to absolute immunity from a civil action for

4  damages when he or she performs a function that is 'intimately associated with the

5  judicial phase of the criminal process.'" *KRL v. Moore*, 384 F.3d 1105, 1110-11

6  (9th Cir. 2004) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This

7  includes initiating a prosecution and presenting the State's case, appearing at a

8  probable cause hearing to support an application for a search warrant, and

9  preparing and filing an arrest warrant. *Id.*; *see also Lacey*, 693 F.3d at 912

10  ("Absolute immunity also protects those functions in which the prosecutor acts as

11  an 'advocate for the State,' even if they 'involve actions preliminary to the

12  initiation of a prosecution and actions apart from the courtroom.'" (quoting *Burns*

13  *v. Reed*, 500 U.S. 478, 486 (1991)). On the other hand, absolute immunity "may

14  not apply when a prosecutor is not acting as 'an officer of the court,' but is instead

15  engaged in other tasks, say investigative or administrative tasks." *Van de Kamp v.*

16  *Goldstein*, 555 U.S. 335, 342 (2009) (quoting *Imbler*, 424 U.S. at 431 n.33).

17      This Court finds Douglas County has absolute immunity from Hawkins'

18  claims as currently alleged. The Complaint alleges that the prosecution lacked

19  probable cause and was "instituted or continued through malice." ECF No. 1-1 at

20  16. Without more, it appears Hawkins is challenging Douglas County's initiation

of the prosecution against Hawkins, presentation of its case, and pursuit of its

prosecution throughout the appeals process. Because Douglas County has

demonstrated that immunity is justified for the functions in question—all functions

that are "intimately associated with the judicial phase of the criminal process,"

*Lacey*, 693 F.3d at 912—Douglas County is absolutely immune from Hawkins'

§ 1983 and state law malicious prosecution claims.

### F. Leave to Amend

Even when a complaint fails to state a claim for relief, "[d]ismissal without

leave to amend is improper unless it is clear that the complaint could not be saved

by an amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). The

standard for granting leave to amend is generous. *See* Fed. R. Civ. P. 15(a)(2)

("The court should freely give leave when justice so requires."). The court

considers five factors in assessing the propriety of leave to amend—bad faith,

undue delay, prejudice to the opposing party, futility of amendment, and whether

the plaintiff has previously amended the complaint. *United States v. Corinthian*

*Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

This Court finds amendment is proper. First, the Court finds no indication of

bad faith or undue delay. Second, this Court finds no prejudice to the opposing

party at this early stage in the proceedings. Third, Hawkins has not previously

amended his Complaint. Finally, this Court finds amendment may not be futile. At

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 27

1    this early stage of the proceedings, the Court can conceive of additional facts that

2    could provide support for Hawkins' claims otherwise dismissed by this Order. *See*

3    *id*. Consequently, because the factors weigh in favor of amendment, Hawkins

4    request for leave to amend his Complaint, asserted at oral argument, is granted.

5              **IT IS ORDERED:**

6              1.  Douglas County's 12(b) Motion to Dismiss (ECF No. 11) is **GRANTED**.

7              2.  Defendant Chelan County's Motion to Dismiss (ECF No. 13) is

8    **GRANTED**.

9              3.  Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff is

10   **GRANTED** leave to file an amended complaint within thirty (30) days of the entry

11   of this order.

12             The District Court Executive is directed to enter this Order and provide

13   copies to counsel.

14             **DATED** January 28, 2016.

15   

16                            THOMAS O. RICE

17                    Chief United States District Judge

18

19

20

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 28