HONORABLE JUDGE THOMAS O. RICE

Heather C. Yakely, #28848
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200
fax (509) 455-3632
Attorney for Defendants Douglas County et al.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWIN TROY HAWKINS, a married man,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY, a municipal corporation; CHELAN COUNTY, a municipal corporation; DALE ENGLAND; RANDY LAKE; BO ALLEN; DEAN SCHLAMAN; BILL BLACK; and JOHN and JANE DOE DEPUTIES NO. 3-8 of the DOUGLAS COUNTY SHERIFF'S DEPARTMENT; JOHN and JANE DOES NO. 9 THROUGH 14 DEPUTIES of the CHELAN COUNTY SHERIFF'S DEPARTMENT; STEVEN M. CLEM and JOHN DOES NO. 15 THROUGH 25, deputy prosecuting attorneys of the | Case No.   15-2-00283-TOR<br><br>DEFENDANT DOUGLAS COUNTY'S REPLY MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT<br><br>**WITHOUT ORAL ARGUMENT ON FRIDAY NOVEMBER 24, 2017 @ 6:30 p.m. WITH JUDGE RICE** |

DEFENDANT DOUGLAS COUNTY'S REPLY MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT - page 1

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

DOUGLAS COUNTY
PROSECUTOR'S OFFICE

Defendants.

## II.    PROCEDURAL HISTORY

Defendants timely filed a Motion for Summary Judgment on September 20, 2017. (*ECF Docs*. 51-53)  On or about, October 2, 2017, Plaintiff's Counsel sent an email requesting Defendants stipulate to an extension so that he could complete the deposition of former Chelan County Sheriff, Mike Harum, prior to filing his response.  Mike Harum is a previously undisclosed witness.  Nonetheless, as a professional courtesy, Defense Counsel stipulated to that request.  However, rather than scheduling a deposition, Plaintiff simply used the additional two weeks to obtain a Declaration of Mr. Harum.  Thus, leaving Defendants with no ability to cross examine Mr. Harum. (*See ECF* 58)

Notwithstanding, and pursuant to the Stipulation entered into by the parties, Defendants, Douglas County et al, now make this timely reply.

## LAW/ANALYSIS

A. **Plaintiff failed to respond to Douglas Counties Motion for Dismissal**.

Plaintiff briefly cites to the basic law of *Monell*, but does not address the limited means to a successful claim against an entity pursuant to 42 U.S.C. 1983.

DEFENDANT DOUGLAS COUNTY'S REPLY
MEMORANDUM IN SUPPORT OF
SUMMARY JUDGMENT - page 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Plaintiff submitted a single page of the Douglas County Sheriff's Office "Investigations," Policies and Procedures. (*See ECF 60-4,* p. 24.) Ostensibly to establish a policy and procedure. Yet Plaintiff submitted no expert testimony to state that that solitary policy is constitutionally invalid on its face, or that it was even causally related to any constitutional deprivation. Plaintiff provided no evidence of deficient training (or ratification). (*See ECF 57*, section B, p. 4-10; *DSMF ECF* 61, *see also LR 7.1*) He provided no "pattern and practice."

In fact, despite two prior Motions to Dismiss and several months in the interim to complete written discovery and additional discovery depositions, Plaintiff has not done so. Under CR 56(e) a responding party must establish facts and may not rely on speculation.

Plaintiff's claim against Douglas County must be dismissed as a matter of law.

B. **Plaintiff Further Failed to Establish Any Claim For Federal Malicious Prosecution**

Plaintiff wholly ignores any response to a claim for Federal Malicious Prosecution. In fact, he does not reference his equal protection rights or other "specific constitutional rights," at all in his response brief except to cite to a solitary federal case, *Freeman v. City of Santa Ana*, 68 F.3d. 1180, 1189 (9th Cir. 1995)

DEFENDANT DOUGLAS COUNTY'S REPLY
MEMORANDUM IN SUPPORT OF
SUMMARY JUDGMENT - page 3

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Yet he presented absolutely no evidence of any constitutional right being violated. (or even what that right may be)  Nonetheless, even under a claim for federal malicious prosecution, probable cause is an absolute defense to malicious prosecution.  Once a law enforcement officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.  *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979)

In this case, at best, Plaintiff appears to make the argument that Douglas County failed to follow up with one witness in particular, Gloria Bailey.  Plaintiff then goes on to argue that Bo Allen was "aware of the familial conflicts," between the Englands and Plaintiff.  (*See ECF* No. 57, p. 14 and 15)  However, as is undisputed by Plaintiff, there were several Douglas County deputies, not just Bo Allen, involved.  None of the Douglas County Deputies had any personal relationship with Mr. England, rather each of them "knew," or "knew of," Mr. England because, at the time, he worked for Chelan County.  Plaintiff presented no evidence that this witness, Gloria Bailey, would have affected the outcome that resulted in the filing of charges.  He admits he has no evidence as to who placed the equipment on his property and this is despite this alleged testimony of Gloria Bailey.  While he argues that the information came from her directly, this is not

contained in the evidence; instead the information came from Plaintiff himself. (*ECF* 60-6, p. 35)  Further, while Deputy Allen is criticized, ten years later, for failing to interview this particular witness, the information was available to the prosecuting attorneys who also failed to take any action.  (*See ECF* 60-6, p. 35)  Recall also, Plaintiff failed to respond with any additional evidence his lack of proof of malice as set forth in Douglas County's opening Statement of Material Facts.  (*ECF* 52, p. 2-6)  This is not enough to destroy the protection of probable cause.

Finally, Plaintiff wholly failed to respond to Douglas County's assertions and evidence of an entire lack of malice, or ill-will.

As a matter of law, Plaintiff's claim for Federal Malicious Prosecution should be dismissed in its entirety against Douglas County, et al.

C. **For The Same Reasons, Plaintiff Failed To Establish State Malicious Prosecution**

As noted supra, Plaintiff argues that there was a want of probable cause because a solitary witness was not interviewed.  In making this argument he fails to dispute the evidence in the record which establishes that Dale England, even if this court were to <u>assume</u> that Mr England was somehow involved in this investigation, that this establishes "ill will," or "hostility."  Each of the Douglas

DEFENDANT DOUGLAS COUNTY'S REPLY
MEMORANDUM IN SUPPORT OF
SUMMARY JUDGMENT - page 5

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

County Deputies testified that they did not know Mr. England on a personal level. (*See ECF 52,* DSMF 40, 44, 52, 53) Plaintiff could provide no proof, and failed to counter Defendants' facts of his wild speculations of malice, or ill-will. (*ECF 52;* DSMF 48, 50, 51, 54, 55, 58). While Plaintiff makes much of a *Terry* Stop of a truck with a tractor by Deputy Schlaman, that person was released and nothing came of the stop – nor was it Plaintiff who was stopped. (*See Plaintiff's Brief*, *ECF* 57, p. 14) The stop of the vehicle was not of Plaintiff and it resulted in no charges against anyone, let alone him. (*See ECF 52;* DSMF 38, 39) Plaintiff also somehow attempts to argue that this neighboring witness, Gloria Bailey, somehow establishes "malice," or "ill-will." However, Plaintiff himself admits that he has no idea who placed the equipment on his property. (*See ECF,* DSMF 32)

Plaintiff has failed to establish even a question of fact as to a malicious prosecution. The fact that a later decision was made to abandon plaintiff's prosecution does not erase the fact that the prosecutor originally determined independently that there was probable cause to bring charges. *The Gehl Group v. Koby*, 63 F.3d 1528, 1536 (10th Cir. 1995); *Withrow v. Larkin*, 421 U.S. 35, 57 (1975). It is Plaintiff's burden to rebut this presumption. *Newman v. County of Orange*, 457 F.3d 991, 993 (9th Cir. 2006)(internal citations omitted) There

DEFENDANT DOUGLAS COUNTY'S REPLY
MEMORANDUM IN SUPPORT OF
SUMMARY JUDGMENT - page 6

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

was no evidence produced from which, even taken in a light most favorable to him, this Court can find that there is question of fact. As a matter of law, the claim must be dismissed.

## IV.  CONCLUSION

For the reasons stated above Douglas County Defendant's respectfully request that Plaintiff's claims be dismissed.

DATED this 8th day of November, 2017.

         EVANS, CRAVEN & LACKIE, P.S.

         By  s/Heather C. Yakely
         Heather C. Yakely, #28848
         Attorney for Defendant Douglas County
         Evans, Craven & Lackie, P.S.
         818 W. Riverside Ave., Ste. 250
         Spokane, WA 99201
         (509) 455-5200

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System, which will send notification of such filing to the following:

Scott A. Volyn:     scott@volynlawfirm.com

Kirk A. Ehlis:      kehlis@mjbe.com

                        EVANS, CRAVEN & LACKIE, P.S.

                        By ___s/ Heather C. Yakely_____
                        Heather C. Yakely, #28848
                        Attorneys for Defendant Douglas County
                        Evans, Craven & Lackie, P.S.
                        818 W. Riverside Ave., Ste. 250
                        Spokane, WA 99201
                        (509) 455-5200
                        (509) 455-3632 facsimile
                        hyakely@ecl-law.com